

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# In re: Ayres-Fountain

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"In re: Ayres-Fountain " (2005). *2005 Decisions.* Paper 949.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/949

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-277                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2411
_____

IN RE: CAROLINE P. AYRES-FOUNTAIN

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 04-cv-349)
_____

Submitted Under Rule 21, Fed. R. App. P.
JUNE 16, 2005

Before:   SLOVITER, NYGAARD AND FUENTES,  Circuit Judges.

(Filed June 28, 2005)

_____

OPINION

_____

PER CURIAM

    Caroline P. Ayres-Fountain has filed a mandamus petition requesting that we order

the District Court to (1) vacate its order dismissing her complaint; (2) rule on her motion

to amend; (3) order the state court proceedings stayed; and (4) hold an evidentiary

hearing.  Ayres-Fountain filed a complaint in the District Court for the District of

Delaware alleging fraud by Eastern Savings Bank and seeking recission of a mortgage note. The District Court granted Eastern Savings's motion to dismiss. Ayres-Fountain filed a notice of appeal which was docketed at C.A. No. 05-2418.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (1997).

With respect to her request that we order the District Court to stay the state court proceedings, that request is barred by the Anti-Injunction Act. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") With respect to her requests that we order the District Court to vacate its order, rule on her motion to amend, and hold an evidentiary hearing, mandamus relief is not warranted because a direct appeal is available.

For the above reasons, we will deny the petition for a writ of mandamus.